UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Andre L. Wilson,                                              Case No. 13-cv-1625

                        Petitioner

        v.                                                   MEMORANDUM OPINION


Bennie Kelly, Warden,

                        Respondent


## I.      INTRODUCTION

On July 26, 2013, Petitioner Andre L. Wilson, with the assistance of counsel, filed a petition

for a writ of habeas corpus with this court pursuant to 28 U.S.C. § 2254.  (Doc. No. 1).  The matter

was referred to Magistrate Judge James R. Knepp, II for a Report and Recommendation ("R & R").

Magistrate Judge Knepp recommends I dismiss Wilson's petition.  (Doc. No. 10).  Wilson filed

objections to the R & R.  (Doc. No. 13).  For the reasons stated below, I adopt Magistrate Judge

Knepp's recommendation to dismiss Wilson's petition and overrule Wilson's objections.

## II.     BACKGROUND

Magistrate Judge Knepp accurately and comprehensively set forth the procedural

background of this case, and I adopt those sections of the R & R in full.  (Doc. No. 10 at 1-7).

In 2010, Wilson was indicted for a crime committed in 2008 including multiple counts of

aggravated murder and kidnapping with firearm specifications, plus one count of having weapons

under disability for a crime that had been committed in 2008.  (Doc. No. 5-1, Ex. 1).  After a jury

trial, Wilson was acquitted of one count of aggravated murder, but found guilty of one count of the

lesser-included offense of murder, one count of aggravated murder, and one count of kidnapping, all with a firearm specification. (Doc. No. 5-1, Ex. 7). In addition, Wilson was found guilty of having weapons under disability. *Id.*

The conviction for murder, aggravated murder, and kidnapping were allied offenses under O.R.C. § 2945.21(A); the prosecutor chose to proceed in sentencing for the aggravated murder conviction. (Doc. No. 5-1, Ex. 8). Wilson was sentenced to life with the possibility of parole after 33 years for aggravated murder with a firearm specification and three years, to be served concurrently, for the conviction of having weapons under disability. *Id.*

On February 4, 2011, Wilson, with the assistance of counsel, filed a notice of appeal with the Ohio Eighth District Court of Appeals citing eleven grounds of error. (Doc. No. 5-1, Ex. 10). The Ohio Court of Appeals affirmed the trial court judgment (Doc. No. 5-1, Ex. 13) and denied Wilson's application for reconsideration. (Doc. No. 5-1, Exs. 14 & 16). Wilson timely appealed to the Supreme Court of Ohio, citing the same eleven grounds of error. (Doc. No. 5-1, Ex. 18). The Supreme Court of Ohio denied leave to appeal and dismissed the appeal as "not involving any substantial constitutional question." (Doc. 5-1, Ex. 20).

Wilson, with the assistance of counsel, filed his petition for a writ of habeas corpus relief under § 2254 on July 26, 2013. (Doc. No. 1). The seven grounds of relief asserted in the petition were previously asserted as eleven grounds in the state appeals process. (Doc. No. 1 & Doc. No. 5-1, Exs. 10 & 18).

### III.   STANDARD OF REVIEW

A district court may conduct a de novo review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *See also* Local Rule 72.3(b). A general objection to a

magistrate's report and recommendation which fails to specify the issues of contention does not satisfy the requirement.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.  *Miller v. Currie*, 50 F.3d 373, 380 (6ᵗʰ Cir. 1995).  So long as a party was properly informed of the consequences of failing to object, a general objection constitutes waiver of subsequent review by the district court.

## IV.  DISCUSSION

Wilson offered no objection to Grounds One or Four in his objections to Magistrate Judge Knepp's R & R.  (Doc. No. 13).  I will address his objections to the remaining five Grounds: Two, Three, Five, Six, and Seven.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) grants the district court jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  "[F]ederal habeas review does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  As discussed in *Bey v. Bagley*, 500 F.3d 514, 521 (6th Cir. 2007), there are only two instances when a state, acting in compliance with state law, may violate due process so as to warrant federal habeas relief: "either the state law (rule) itself contradicts Supreme Court precedent, or the state's application of the law (rule) under the particular circumstances does."

A.      Introduction of Evidence (Grounds Two and Three)

Wilson asserts he was denied due process when the court: (1) denied his motion in limine and allowed the prosecutor to introduce evidence that he was later hospitalized for a gunshot injury; (2) admitted irrelevant evidence and evidence of other bad acts without giving a limiting instruction; and (3) allowed two prosecution witnesses to read their entire police statements on redirect examination.  I find Wilson's claims that his due process rights were violated by the trial court's

evidentiary determinations to be cognizable for federal habeas review. *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007) (finding that "by framing [the admission of certain evidence] as a constitutional violation he has at least asserted a cognizable habeas claim.").

Though the claims are cognizable, the question remains an issue of state law requiring great deference to the state court's decision. A state court's evidentiary ruling will only warrant federal habeas relief when it "render[s] the trial so fundamentally unfair as to constitute a denial of federal rights." *Logan v. Marshall*, 680 F.2d 1121, 1123 (6th Cir. 1982); *see also Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) ("When an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief."); *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) ("Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'") (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).

Wilson does not assert that the Ohio Rules of Evidence are contradictory to Supreme Court precedent, but instead finds fault in the state court's application. *See, e.g.*, *Bey*, 500 F. 3d at 521-23. The evidence at issue in this case relates to a gunshot wound for which Wilson sought treatment in March 2010, and the events that followed. (Doc. No. 5-1, Ex. 4). The trial court found this evidence to be relevant, and more probative than prejudicial. (Doc. No. 5-2 at 62). On appeal, the court affirmed the trial court's decision to admit the evidence and found that a limiting instruction was unnecessary. (Doc. No. 5-1, Ex. 13 at 10-12). The evidence at issue was not a "bad act" under Ohio Evidentiary Rule 404(B) because it was evidence that he was the *victim* of a shooting not the perpetrator. *Id.*

In his objection, Wilson relies upon Evidentiary Rule 404(B) as grounds for habeas relief. (Doc. No. 13 at 4-9). While Wilson cites examples of several federal and state court cases when a

limiting instruction was deemed necessary for evidence of "other acts" under Rule 404(B), he fails to

establish the evidence at issue was admitted under Rule 404(B). *Id.* Like the Ohio Court of Appeals,

I do not find evidence that Wilson had been shot to be under the purview of Rule 404(B) as a "bad

act" that may warrant a limiting instruction. Therefore, I find that by admitting the evidence

without a limiting instruction, the state court did not render the trial to be fundamentally unfair.

The objection regarding Ground Two of Wilson's habeas petition is overruled.

With respect to the witnesses reading police statements on the stand, the Ohio Court of

Appeals found that reading portions of the police statements was in accord with the Ohio Rule of

Evidence 801(D)(1)(b), allowing a statement to be used for rehabilitation when portions of the

statement were used on cross-examination for the purpose of impeachment. (Doc. No. 5-1, Ex. 13

at 13-14). Though Wilson objects briefly on this ground, he cites no authority to establish that the

state court violated state or federal law. (Doc. No. 13 at 3-4). In *Bey*, the Sixth Circuit stated

"personal disagreement is not cognizable on federal habeas review, inasmuch as it involves no

constitutional dimension." 500 F.3d at 523. As Wilson points only to testimony he believes to be

"improper" without any citation to law (Doc. No. 13 at 4), I find the claim in Ground Three to be

non-cognizable and overrule Wilson's objection accordingly.

B.      Verdict Against Manifest Weight of the Evidence (Ground Five)

Wilson claims there was insufficient evidence to permit a rational factfinder to find him

guilty beyond a reasonable doubt. As noted by Wilson, the Court in *Jackson v. Virginia*, 443 U.S. 307,

321-24 (1979), found that a claim of this nature did raise a constitutional issue and was cognizable

for federal habeas review. (Doc. No. 13 at 10). A federal court, on habeas review, may not retry the

case. *Herrera v. Collins*, 506 U.S. 390, 401-402 (1993) (citing *Jackson*, 443 U.S. at 318-19). Instead it

must determine "whether, after viewing the evidence in the light most favorable to the prosecution,

*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt." *Jackson*, 443 U.S. at 318-19.  Habeas review may be granted only if "it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* at 324.

After review of the trial court record, I find Wilson has not met the requisite standard. In support of this claim, Wilson cites inconsistencies in the testimony of witnesses, Shaina and Fatima Germany.  (Doc. No. 13 at 10-14).  While his citations to the trial record are accurate, he fails to acknowledge the fact that the testimony was corroborated by other witnesses, as noted by the Ohio Court of Appeals.  (Doc. No. 5-1, Ex. 13 at 16-17).  The Ohio Court of Appeals also acknowledged that "[b]oth women were subject to rigorous and thorough cross-examination." *Id.* at 17.  After reviewing the record, I find that the Ohio Court of Appeals reasoning to be accurate. Given the evidence presented, a rational factfinder could have found Wilson guilty of these charges. The objection regarding Ground Five is overruled.

C.      Sentencing Errors (Ground Six)

Wilson claims the trial court erred in sentencing him for aggravated murder and that the length of the sentence was arbitrary and improper.  I find neither assertion to be supported by law.

1. Dual Convictions of Murder and Aggravated Murder

When reviewing the issue of the dual convictions, Magistrate Judge Knepp found there no grounds for federal habeas relief as Wilson "relie[d] entirely on Ohio law regarding when a person can be convicted of multiple offenses."  (Doc. No. 10 at 17).  In his objection, Wilson cited *Benton v. Maryland*, 395 U.S. 784 (1969), to support his assertion that his constitutional rights were violated when he was convicted for both counts, but sentenced under for the greater offense of aggravated murder.  (Doc. No. 13 at 15).  I do not find his argument persuasive, as *Benton* presents an issue of double jeopardy that is not applicable to this case.  The issue remains one of a state court applying state law, and Wilson fails to prove the state court violated "fundamental fairness" so as to warrant

federal habeas relief. *See Dowling v. United States*, 493 U.S. 342, 352-53 (1990) (describing the narrow bounds of "fundamental fairness"). Therefore, his objection regarding this matter is overruled.

2. Length of Sentence

Contrary to Wilson's argument that a sentence above the statutory *minimum* must be submitted to the jury (Doc. No. 13 at 17), the law requires that "any fact that increases the penalty for a crime beyond the prescribed *maximum* must be submitted to the jury." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *see also Blakely v. Washington*, 542 U.S. 296, 303-04 (2004) (holding "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional facts."). In support of his position, Wilson cites *Blakey*, but in that case the defendant was sentenced to a term above the statutory *maximum. Id.* at 298. In Wilson's case, the jury convicted him of both murder and aggravated murder. Under Ohio Revised Code Section 2929.02, a defendant convicted of aggravated murder "shall suffer death or be imprisoned for life" and a defendant convicted of murder alone "shall be imprisoned for an indefinite term of fifteen years to life." Wilson's sentence of life with the possibility of parole after thirty years is within the statutory maximum of both convictions and not in violation of federal law. The objection relating to Ground Six of Wilson's petition is overruled, accordingly.

D.    Ineffective Assistance of Counsel (Ground Seventh)

Finally, Wilson asserts he was denied the effective assistance of counsel during trial. He claims defense counsel: (1) "failed to file a motion to suppress concerning the warrantless and unadvised questioning of the defendant while he was confined at Metro Hospital;" (2) "failed to object to the prosecutor having two witnesses read their statements they gave to police;" and (3) "failed to object to hearsay." (Doc. No. 13 at 2-4).

Although the Sixth Amendment guarantees the right to the effective assistance of counsel, "[t]he Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003).  A defendant who seeks reversal of his conviction on a claim of ineffective assistance of counsel must show (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The standard is extremely deferential to defense counsel with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  Even if the defendant is able to clear the high bar of the first prong, he must also prove "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" so as to "undermine confidence in the outcome."  *Id.* at 694.

In this case, Wilson previously asserted the claim of ineffective assistance of counsel on direct appeal.  The Ohio Court of Appeals correctly applied the *Strickland* standard in deciding Wilson had received effective assistance of counsel.  (Doc. No. 5-1, Ex. 13 at 21-25).  Therefore, in order to grant federal habeas relief, the state court's application of the *Strickland* standard "must be shown to be not only erroneous, but objectively unreasonable."  *Yarborough*, 540 U.S. at 5; *see also Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).  That is not the case here.

The Ohio Court of Appeals determined that Wilson had not met the first requirement of proving that counsel's performance was deficient.  (Doc. No. 5-1, Ex. 13 at 24).  In so holding, the court applied the *Miranda* standard to determine that the questioning at the hospital was not a "custodial interrogation" and that Wilson's Fifth Amendment rights were not violated.  *Id.* at 22-23.  Defense counsel's decision not to file a motion to suppress was reasonable.  *Id.*  In whole, the court found that defense counsel "defended the case with vigor and thoroughness."  *Id.* at 24.  After an independent review of the record, I do not find the Ohio Court of Appeals application of the

8

*Strickland* standard to be objectively unreasonable.  Defense counsel appears to have been rather active during the trial, even objecting at the time Fatima Germany was initially asked to read her police statement (Doc. No. 5-6 at 96), contrary to Wilson's assertion that he simply "occupied the space" next to him.  (Doc. No. 13 at 4).  Wilson's final objection is overruled.

## V.     CONCLUSION

For the foregoing reasons, I overrule all of Wilson's objections.  (Doc. No. 13).  In accordance with Magistrate Knepp's recommendation, Wilson's petition for habeas corpus relief is dismissed. (Doc. No. 1).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge